U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

FEB 1  2010

CHRIS R. JOHNSON, CLERK

BY

DEPUTY CLERK

# IN THE UNITED STATE DISTRICT COURT
# FOR THE WESTERN DISTRICT OF ARKANSAS

| | | |
|---|---|---|
| Donald E. White and<br>Austa M. White | ) | |
| PLAINTIFFS, | )<br>) | |
| v. | ) | CASE NUMER 10-5032 |
| Josh McHughes<br>Becky McHughes<br>McHughes Law Firm, LLC | )<br>) | JUDGE _____ |
| DEFENDANTS | ) | |
| Calvary Portfolio Services, LLC<br>Eric Felstein, Chairman & President<br>[Designated Affiant]<br>GMAC Financial Services | )<br>)<br>)<br>) | TRIAL BY JURY DEMANDED |
| CO-DEFENDANTS<br>And Does 1-5, inclusive, | )<br>) | |

## COMPLAINT

    **Comes now** Donald E. White and Austa M. White, Plaintiffs. The Plaintiffs at all times are residents of the State of Arkansas and the County of Benton and as such establish the jurisdiction of this honorable Court.

    Plaintiffs respectfully submit Plaintiffs Statement of Claim and Statement Upon Which Relief Can Be Granted.

1

| | |
|---|---|
| 1 | **STATEMENT OF CLAIM** |
| 2 | Josh McHughes, Becky Hughes, McHughes Law Firm, LLC (hereafter referred to |
| 3 | McHughes *et al*) of Little Rock, AR, Calvary Portfolio Services, LLC (hereafter referred |
| 4 | to as Calvary) of Hawthorne, NY, and Eric Felstein, Chairman & President [Designated |
| 5 | Affiant] (hereafter referred to GMAC), of Detroit, Michigan, are 3rd party debt |
| 6 | collectors, as such are governed under the law by The Fair Debt Collection Practices Act |
| 7 | 15 USC §1601, *et seq.* GMAC is also a credit lender and as such governed under the law |
| 8 | of the Fair Debt Reporting Act 15 USC §1681, *et seq.* and also has reported the alleged |
| 9 | debt to the national credit reporting agencies i.e. Trans Union, Equifax, Experian |
| 10 | The State of Arkansas abides by and adheres to these laws. Specifically, the Fair Credit |
| 11 | Reporting Act 15 USC § 1681, *et seq.* and FDCPA and § 1681 of the FCRA. |
| 12 | All Defendants are governed under these laws. |
| 13 | Plaintiffs deny ever having any contractual agreement for credit, loans, or service |
| 14 | relationships with Defendants. |
| 15 | Even if Plaintiffs did have such an agreement, which Plaintiffs deny, the alleged debt is |
| 16 | not in question here. What is in question here are the facts concerning application of the |
| 17 | aforementioned laws. Were actions of Defendants/Co-Defendants wrongful in the |
| 18 | attempt to collect and report alleged debt violations **_and_** were the civil rights of Plaintiffs |
| 19 | were violated as outlined in the Debt Collections Practices Act, 15 USC §1602, *et seq.* |
| 20 | and the Fair Credit Reporting Act 15 §1681, *et seq.* |
| 21 | |
| 22 | On or about March 30, 2004, Plaintiffs contacted GMAC to dispute and verify the debt; |
| 23 | May 3, 2004 Plaintiffs noticed GMAC of default; April 14, 2004 gave GMAC |
| 24 | opportunity to cure the default. All correspondence to GMAC was sent certified mail and |
| 25 | all green cards were returned. Eric Felstein was in *willful non-compliance* by failing to |
| 26 | respond to these three notices. GMAC began derogatory and conflicting information in |
| 27 | the credit bureau reports sometime in early 2006. Conflicting information between the |
| 28 | reports state "charged off", "Debt included in or discharged through Bankruptcy Chapter |
| 29 | 13", "Paid Account/Zero Balance", "Paid", "Pays account as agreed". Those conflicting |

Complaint: Statement Upon Which to State a Claim
February 16, 2010
US District Court for Western District of Arkansas
V 7

2

30   remarks continue to this day.  Seemingly, Plaintiffs have had double derogatory remarks
31   on the same alleged debt within these credit bureau reports – GMAC **and** Calvary.
32
33   On or about June 3, 2008 a certified dispute letter – green card returned- was sent to
34   McHughes Law Firm, LLC of Little Rock, AR.  McHughes *et al* debt collection
35   activities began about 6 months later and continues to this day, February 16, 2010
36
37   **Count  1**
38   Plaintiffs mailed dispute letter to McHughes et al on June 3, 2008.  USPS Certified mail
39   green card, date June 9, 2008, was returned to Plaintiffs.  No written response to the
40   dispute letter was received from McHughes.
41   **Section 809. of the DCPA Validation of debts [15 USC 1692g]**
42   (b) If the consumer notifies the debt collector in writing within the thirty-day Period described in
43   subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and
44   address of the original creditor, *the debt collector shall cease collection of the debt*, or any disputed portion
45   thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and
46   address of the original creditor, and a copy of such verification or judgment, or name and address of the
47   original creditor, is mailed to the consumer by the debt collector.
48   McHughes *et al* debt collection activities continued after the validation demand and
49   continues to this day, February 16, 2010.  No proof of any alleged account/debt has been
50   received from McHughes *et al*.  Each Plaintiff demands judgment in the amount of
51   $24,000, from each of the McHughes *et al* entities totaling $144,000. ($24,000 [24
52   months] x 3 reports x 2 plaintiffs = $144,000)
53   Plaintiffs re-allege the allegations set forth in lines 2 through 52 herein above.
54
55   **COUNT  2**
56   On or about March 30, 2004, Plaintiffs contacted GMAC to dispute and verify the debt;
57   May 3, 2004 Plaintiffs noticed GMAC of default; April 14, 2004 gave GMAC
58   opportunity to cure the default.  All correspondence to GMAC was sent certified mail and
59   all green cards were returned.  See lines 42 through 48 above.  **Section 809. of the DCPA**

Complaint: Statement Upon Which to State a Claim
February 16, 2010
US District Court for Western District of Arkansas
V 7

3

60  **Validation of debts [15 USC 1692g].** Each Plaintiff demands judgment of $24,000 from
61  Co-Defendant GMAC for a total of GMAC, $48,000.
62  Plaintiffs re-allege the allegations set forth in lines 53 through 61 herein above
63
64  # COUNT 3
65  Plaintiffs never received any communication from Calvary, and did not realize Calvary
66  was listed on each of the three national credit bureau reports. Plaintiffs did not dispute
67  the debt with Calvary until recently. On January 21, 2010, both Plaintiffs contacted
68  Calvary to validate the debt. All USPS Certified mail green cards have been returned.
69  No response from Calvary has been received to date, February 16, 2010. See lines See
70  lines 42 through 48 above **Section 809. of the DCPA Validation of debts [15 USC**
71  **1692g].** Calvary began placing derogatory comments in the three bureau reports in
72  February, 2007. In this instance, each Plaintiff will demand judgment in the amount
73  allowed by law under the circumstance. Each Plaintiff will demand at least $2,000 from
74  Calvary; that amount is subject to Plaintiff filing an amended complaint. Plaintiffs will
75  amend this complaint at such time more information is attained regarding Calvary.
76  Plaintiffs re-allege the allegations set forth in lines 62 through 75 herein above
77
78  **VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
79  **REPORTING ERRONEOUS AND INACCURATE INFORMATION _and_**
80  **DUTY TO PROVIDE NOTICE OF DISPUTE.**
81  According to the **Fair Credit reporting Act, Section 623 Responsibilities of**
82  **furnishers of information to consumer reporting agencies [15 USC §1681s-2]:**
83  (a) Duty of furnishers of information to provide accurate information.
84  (1) Prohibition.
85  (A) Reporting information with actual knowledge of errors. A person shall not furnish any information
86  relating to a consumer to any consumer-reporting agency if the person knows or consciously avoids
87  knowing that the information is inaccurate.
88  (B) Reporting information after notice and confirmation of errors. A person shall not furnish information
89  relating to a consumer to any consumer-reporting agency if

Complaint: Statement Upon Which to State a Claim
February 16, 2010
US District Court for Western District of Arkansas
V 7

4

90   **(i) the person has been notified by the consumer, at the address specified by the person for such**
91   **notice, that specific information if inaccurate;** and
92   (ii) the information is, in fact, inaccurate.
93   (2) Duty to correct and update information.  A person who
94   (A) regularly and in the ordinary course of business furnishes information to one or more consumer
95   reporting agencies about the person's transactions or experiences with any consumer; and
96   (B) has furnished to a consumer reporting agency information that the person determines is not complete or
97   accurate, shall promptly notify the consumer reporting agency of that determination and provide to the
98   agency any correction to that information, or any additional information, that is necessary to make the
99   information provided by the person to the agency complete and accurate, and shall not thereafter furnish to
100  the agency any of the information that remains not complete or accurate.
101  **(3) Duty to provide notice of dispute.  If the completeness or accuracy of any information furnished**
102  **by any person to any consumer reporting agency is disputed to such person by a consumer, the**
103  **person may not furnish the information to any consumer reporting agency without notice that such**
104  **information is disputed by the consumer.**
105  (b) Duties of furnishers of information upon notice of dispute.
106  (1) In General, after receiving notice pursuant to Section 611(a)(2) [§1681i] of a dispute with regard to the
107  completeness or accuracy of any information provided by a person to a consumer reporting agency, the
108  person shall
109  (A) conduct an investigation with respect to the disputed information;
110  (B) review all relevant information provided by the consumer reporting agency pursuant to Section
111  611(a)(2) [§1681i];
112  (C) report the results of the investigation to the consumer reporting agency; and
113  (D) if the investigation finds that the information is incomplete or inaccurate, report those result to all other
114  consumer reporting agencies to which the person furnished the information and that compile and maintain
115  files on consumers on a nationwide basis.
116  (2) Deadline.  A person shall complete all investigations, reviews, and reports required under paragraph (1)
117  regarding information provided by the person to a consumer reporting agency, before the expiration of the
118  period under Section 611(a)(2) [§1681i] within which the consumer reporting agency is required to
119  complete actions required by that section regarding that information.
120  .

121  # COUNT 4

122  **FAILURE TO REPORT ACCURATE INFORMATION**
123  According to the Fair Credit Reporting act Defendants/Co-Defendants have a **duty to report**
124  **accurate information** regarding the alleged debt.   See (i) line **90, 91** above

Complaint:  Statement Upon Which to State a Claim
February 16, 2010
US District Court for Western District of Arkansas
V 7

5

125  Section **623 Responsibilities of furnishers of information to consumer reporting agencies**

126  **[15 USC §1681s-2]**   McHughes *et al* debt collection activities included *reporting inaccurate*

127  *information* regarding an alleged debt.  See (i) line **90, 91** above.  Section **623 Responsibilities**

128  **of furnishers of information to consumer reporting agencies [15 USC §1681s-2]**

129  Each Plaintiff demands judgment in the amount of $ 24,000, from each of the McHughes

130  *et al* entities totaling $144,000. ($24,000 [24 months] x 3 reports x 2 plaintiffs =

131  $144,000)

132  Plaintiffs re-allege the allegations set forth in lines 75 through 131 herein above

133

134  **Count 5**

135  GMAC debt collection activities included *reporting inaccurate information* regarding an

136  alleged debt.   See (i) line **90, 91**  above.  Section **623 Responsibilities of furnishers of**

137  **information to consumer reporting agencies [15 USC §1681s-2].**   Each Plaintiff

138  demands judgment in the amount of $ 24,000, from GMAC totaling $48,000. ($24,000

139  [24 months]  x 2 plaintiffs = $48,000)

140  Plaintiffs re-allege the allegations set forth in lines 132 through 139.

141

142  **COUNT 6**

143  Calvary debt collection activities included *reporting inaccurate information* regarding an alleged

144  debt.  See (i) line **90, 91** above.  Section **623. Responsibilities of furnishers of information to**

145  **consumer reporting agencies [15 USC §1681s-2].**   Each Plaintiff demands judgment in the

146  amount of $ 24,000, from Calvary totaling $48,000. ($24,000 [24 months] x 2 plaintiffs =

147  $48,000)

148  Plaintiffs re-allege the allegations set forth in lines 140 through 147.

149

150  **COUNT 7**

151  According to the Fair Credit Reporting act Defendants/Co-Defendants have a **duty to report**

152  **notice of dispute** regarding the alleged debt.   See (3) in lines **101 through 104** above.

153  Section **623 Responsibilities of furnishers of information to consumer reporting agencies**

154  **[15 USC §1681s-2]**  McHughes *et al* debt collection activities included *duty to report notice of*

Complaint:  Statement Upon Which to State a Claim                                                                 6
February 16, 2010
US District Court for Western District of Arkansas
V 7

155  *dispute* regarding an alleged debt.  Each Plaintiff demands judgment in the amount of $ 24,000

156  from each of the McHughes *et al* entities totaling $144,000. ($24,000 [24 months] x 3 reports x 2

157  plaintiffs = $144,000)

158  Plaintiffs re-allege the allegations set forth in lines 148 through 157.

159

160  **COUNT 8**

161  According to the Fair Credit Reporting act Defendants/Co-Defendants have a *duty to report*

162  *notice of dispute* regarding the alleged debt.  See (3) in lines **101 through 104** above.  Section

163  **623 Responsibilities of furnishers of information to consumer reporting agencies [15 USC**

164  **§1681s-2]**    GMAC debt collection activities included **duty to report notice of dispute**

165  regarding an alleged debt.  Each Plaintiff demands judgment in the amount of $ 24,000 GMAC

166  totaling $48,000. ($24,000 [24 months]  x 2 plaintiffs = $48,000).

167  Plaintiffs re-allege the allegations set forth in lines 158 through 166.

168

169  **COUNT 9**

170  According to the Fair Credit Reporting act Defendants/Co-Defendants have a *duty to report*

171  *notice of dispute* regarding the alleged debt.  See (3) in lines **101 through 104** above

172  Section **623 Responsibilities of furnishers of information to consumer reporting agencies**

173  **[15 USC §1681s-2]**    Calvary debt collection activities included *duty to report notice of dispute*

174  regarding an alleged debt.  Each Plaintiff demands judgment in the amount of $ 24,000 from

175  Calvary totaling $48,000. ($24,000 [24 months]  x 2 plaintiffs = $48,000).

176  Plaintiffs re-allege the allegations set forth in lines 167 through 175.

177

178  Co-Defendant GMAC in the person of Eric Felstein, Chairman & President, [Designated

179  Affiant], GMAC Financial Services violated FCRA

180   **Section 1681n. Civil Liability for willful noncompliance**

181  Any consumer reporting agency or **user** if information which willfully fails to comply with any

182  requirement imposed under this title with respect to any consumer is liable to that consumer in any amount

183  equal to the sum of –

184  (1) any actual damages sustained by the consumer as a result of the failure;

185  (2) such amount of punitive damages as the court may allow; and

Complaint:  Statement Upon Which to State a Claim                                                                    7
February 16, 2010
US District Court for Western District of Arkansas
V 7

186  (3) in the case of any successful action to enforce any liability under this section, the costs of the action
187  together with reasonable attorney's fees as determined by the court.
188  Each Plaintiff respectfully requests the Court to set the above damages against Eric
189  Felstein, Chairman & President, [Designated Affiant], GMAC Financial Services
190  Plaintiffs re-allege the allegations set forth in lines 176 through 189
191
192  Under the FCRA, **Section 1681o. Civil liability for negligent non-compliance**
193  Any consumer reporting agency or user of information which is negligent in failing to comply with any
194  requirement imposed under this title with respect to any consumer is liable to that consumer in the amount
195  equal to the sum of –
196  (1) any actual damages sustained by the consumer as a result of the failure;
197  (2) in the case of any successful action to enforce any liability under this section, the costs of the action
198  together with reasonable attorney's fees as determined by the court.
199  Each Plaintiff respectfully requests judgment for punitive damages of $ 15,000. from
200  each of the following entities: Josh McHughes, Becky McHughes, and McHughes Law
201  Firm, LLC  for a total of $ 90,000.
202  Plaintiffs re-allege the allegations set forth in lines 190 through 201
203
204  Plaintiffs have contacted by certified USPS mail all three national credit-reporting
205  agencies regarding these matters, Experian, Equifax, and Trans Union.  Only Equifax has
206  NOT responded to date
207
208  Defendants/Co-Defendants have damaged the Plaintiffs' Credit Report, Credit Score and
209  have committed Defamation of Character, *actually*, against the Plaintiffs.
210  **WHEREFORE**, the Defendants have violated the Fair Credit Reporting Act and the
211  Debt Collection Practices Act, Plaintiffs <u>jointly</u> demand judgment in the amount of
212  approximately $ 766,000. (total from all Defendants) plus all costs of this action along
213  with punitive damages in the amount of $300,000, or as the court may allow, along with
214  Private Attorneys General Fees of $3,000 for each Plaintiff, Donald E. White and Austa
215  M. White, from the combined total of 5 Defendants as prescribed by law $15,000 x 2 =
216  $30,000

Complaint:  Statement Upon Which to State a Claim
February 16, 2010
US District Court for Western District of Arkansas
V 7

8

217  *Graziano v. Harrison, 950 F 2d 107, 113 (3d Cir. 1991), 15 U.S.C. Sec 1692k(a)(3), (see Zagorski v.*
218  *Midwest Billing Services, Inc. F3d—(1997) WL 695401, 7th Cir.)  or  128 F 3d 1164 (7th Cir., 1997)*
219  Plaintiffs re-allege the allegations set forth in lines 209 through 223 herein above.
220
221  Plaintiffs have tried many avenues to resolve these issues.  Plaintiffs' civil rights have
222  been trampled upon because due process as imbedded in 15 USC 1601, *et seq.*, and 15
223  USC 1681. *et seq.* and due process is guaranteed by the United States and Arkansas
224  Constitutions, leaving Plaintiffs no alternative but to seek relief through this Honorable
225  Court.
226

## Statement Upon Which Relief Can Be Granted

228
229  1. A settlement agreement between the Plaintiffs and the Defendant/Co-Defendants
230     that Defendants/Co-Defendants shall remove any derogatory information and
231     inquires from all four major credit-reporting agencies:  Trans Union, Equifax,
232     Experian, and Innovis and any other known credit reporting agencies
233     GMAC, Calvary, and McHughes have used now or may use in the future.
234
235  2. Defendants/Co-Defendants must also provide a letter and/or Universal Data Form
236     indicating that they have done the action in #1 above and send verification
237     of same to the Plaintiffs.
238
239  3. Defendants/Co-Defendants will be barred now or in the future from selling or
240     transferring of the alleged debt to any *other* collection agency of attorney or entity
241     and also are barred now and in the future from re-entering this information into
242     Plaintiffs credit reports.
243
244  4. Defendants/Co-Defendants must cease and desist any further collection activities
245     against the Plaintiffs.  Defendants may not Sell or Transfer the alleged account
246     to any other Collection Agency or Attorney or entity now or in the future.
247

Complaint: Statement Upon Which to State a Claim
February 16, 2010
US District Court for Western District of Arkansas
V 7

9

5.  Each Defendant shall pay the following amounts for their violations:

Defendants Josh McHughes, Becky McHughes, and McHughes Law Firm, LLC shall each pay $261,000 to each Plaintiff for a total of $522,000

Co-Defendant Calvary Portfolio Services, LLC shall pay **at least** $ 50,000. to each Plaintiff for a total of **at least** $100,000

Co-Defendant GMAC Financial Services shall pay $144,000 to each Plaintiff.

5.  Private Attorney General Fees of $3,000 shall be paid by each of the above Defendants/Co-Defendants to each Plaintiff (total to each Plaintiff $15,000) for grand total for Plaintiffs of $30,000.

6.  Damages as allowed by the Court.

7.  JURY TRIAL IS DEMANDED.

8.  Plaintiffs reserve the right to amend this complaint.

Respectfully submitted this 16th day of February, 2010

*[signature: Donald E White]*              *[signature: Austa M. White]*

Donald E. White, Plaintiff           Austa M. White, Plaintiff
75 Davis Circle                      75 Davis Circle
Bella Vista, AR  72715               Bella Vista, AR  72715
[479] 855.8767                       [479] 855.8767
whiteo0@cox.net                      austaair@cox.net

Complaint: Statement Upon Which to State a Claim
February 16, 2010
US District Court for Western District of Arkansas
V 7

10

# CERTIFICATE OF SERVICE

We hereby certify that a copy of the forgoing complaint/summons Whites v. Josh McHughes, Becky McHughes, McHughes Law Firm, LLC, Calvary Portfolio Services, Eric Felstein, Chairman & President [Designated Affiant] of GMAC Financial Services will be served upon each of the Defendants at their business addresses - show below – on or about the 18th day of February, 2010, with affidavit of service by the USPS Postal Service Certified Mail Return Receipt – said receipt to follow to be submitted to the Clerk of Court.

*Donald E. White*  
Donald E. White, Plaintiff  
75 Davis Circle  
Bella Vista, AR  72715  
[479] 855.8767  
Donwhite60@cox.net  

*Austa M. White*  
Austa M. White, Plaintiff  
75 Davis Circle  
Bella Vista, AR  72715  
[479] 855.8767  
austaair@cox.net  

Eric Feldstein  
Chairman and President  
Designated Affiant  
d/b/a/ GMAC Financial Services  
Executive Offices  
3044 West Grand Boulevard  
Detroit, MI 48202  

Certified Mail #  7008 3230 0001 2279 8862

Calvary Portfolio Services, LLC  
5 Skyline Drive  
Hawthorne, NY  10532  

Certified Mail # 7008 3230 0001 2279 8879

Josh McHughes            Certified Mail # 7008 3230 0001 2279 8855  
Becky McHughes           Certified Mail # 7008 3230 0001 2279 8855  
McHughes Law Firm, LLC   Certified Mail # 7008 3230 0001 2279 8855  
917 West 2nd Street  
Little Rock, AR 72203  

Complaint:  Statement Upon Which to State a Claim  
February 16, 2010  
US District Court for Western District of Arkansas  
V 7

11

```
320            IN THE UNITED STATE DISTRICT COURT
321           FOR THE WESTERN DISTRICT OF ARKANSAS
322
323    Donald E. White and              )
324    Austa M. White
325
326        PLAINTIFFS,                  )
327                                     )
328        v.
329                                     )    CASE NUMER _____
330    Josh McHughes                    )
331    Becky McHughes                   )    JUDGE _____
332    McHughes Law Firm, LLC
333
334        DEFENDANTS                   )
335
336    Calvary Portfolio Services, LLC  )
337    Eric Felstein, Chairman & President, )
338    [Designated Affiant]             )
339    GMAC Financial Services          )    TRIAL BY JURY DEMANDED
340
341        CO-DEFENDANTS                )
342    And Does 1-5, inclusive,         )
343
344                                     )
345
```

## AFFIDAVIT OF SERVICE

We hereby certify under penalty of perjury that a copy of the foregoing complaint Whites v. Calvary Portfolio Services, LLC and Eric Felstein, Chairman & President [Designated Affiant], GMAC Financial Services was served by USPS Postal Service certified mail return receipt:
Calvary Portfolio Services, LLC Receipt # 7003 3230 0001 2279 8879;
Eric Felstein, CMAC Financial Services, Receipt # 7008 3230 0001 2279 8862.
Josh E. Hughes, Receipt # 7008 3230 0001 2279 8855
Becky A. Hughes, Receipt # 7009 3230 0001 2279 8855
McHughes Law Firm, LLC  Receipt # 7008 3230 0001 2279 8855

_Donald E White_ (signature)                    _Austa M. White_ (signature)
Donald E. White, Plaintiff                      Austa M. White, Plaintiff
75 Davis Circle                                 75 Davis Circle
Bella Vista, AR  72715                          Bella Vista, AR  72715
[479] 855.8767                                  [479] 855.8767
donwhite60@cox.net                              austaair@cox.net

Complaint:  Statement Upon Which to State a Claim                              12
February 16, 2010
US District Court for Western District of Arkansas
V 7

364 Subscribed and sworn before me, a Notary Public, of the State of Arkansas, County of
365 Benton, this 17th day of March 17, 2010, that the above persons did appear before me and
366 were identified to be the persons executing this document.
367
368 _____
369 Notary Public
370 My Commission expires on: 4-25-15
371
372 Jan R. Taylor
373 County Of Benton
 Notary Public - Arkansas
 My Commission Exp. 04/25/2015
374
375
376
377
378
379
380
381
382
383
384
385
386
387
388
389
390
391
392
393

Complaint: Statement Upon Which to State a Claim
February 16, 2010
US District Court for Western District of Arkansas
V 7

13