IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DONALD E. WHITE and
AUSTA M. WHITE                                      PLAINTIFFS

             v.           Civil No. 10-5032

JOSH McHUGHES, ET AL.                              DEFENDANTS

<u>ORDER</u>

NOW on this 12th day of October, 2011, the above referenced matter comes on for this Court's consideration of **Defendants' Motion for Summary Judgment with Brief in Support Thereof** (document #58), filed by separate defendants Josh E. McHughes, Becky A. McHughes, The McHughes Law Firm, LLC, and Cavalry Portfolio Services, LLC.  The Court, being well and sufficiently advised, finds and orders as follows:

1.  The plaintiffs commenced this action on February 16, 2010.  Plaintiffs' third amended complaint (document #52) was filed on March 4, 2011 and asserts the following claims:

*   Count 1 asserts a claim under 15 U.S.C. § 1692g against Josh McHughes, Becky McHughes, and the McHughes Law Firm LLC (hereinafter the "McHughes defendants").  Plaintiffs claim the McHughes defendants violated 15 U.S.C. § 1692g by failing to respond to plaintiffs' dispute letter which plaintiffs mailed on June 3, 2008.

*   Count 2 asserts a claim under 15 U.S.C. § 1692g against Cavalry Portfolio Services, LLC (hereinafter "Cavalry").

\*      Count 3 asserts a claim under 15 U.S.C. § 1681n against Ally Financial Services f/k/a GMAC Inc. d/b/a GMAC Financial Services (hereinafter "Ally").  Plaintiffs claim Ally violated 15 U.S.C. § 1681n by failing to validate the alleged Ally debt after plaintiffs requested such validation on February 24, 2006.

\*      Count 4 asserts a claim under 15 U.S.C. § 1681o against Ally.  Plaintiffs claim Ally violated 15 U.S.C. § 1681o by failing to validate the alleged debt after plaintiffs requested such validation on March 30, 2004.

2.   The instant motion for summary judgment asserts that the separate defendants are entitled to summary judgment with respect to all claims against Josh E. McHughes, Becky A. McHughes, The McHughes Law Firm, LLC, and Cavalry Portfolio Services, LLC.  The plaintiffs have responded and the motion is now ripe for consideration.

3.   The standard to be applied to a motion for summary judgment is set forth in Rule 56 of the Federal Rules of Civil Procedure and provides for the entry of summary judgment on a claim

> if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

F.R.Civ.P. 56(c); *see also* Carroll v. Pfeffer, 262 F.3d 847 (8th Cir. 2001); Barge v. Anheuser-Busch, Inc., 87 F.3d 256 (8th Cir.

1996).  Summary judgment is to be granted only where the evidence is such that no reasonable jury could return a verdict for the non-moving party.  <u>Anderson v. Liberty Lobby, Inc</u>., 477 U.S. 242, 250 (1986).  Accordingly, all evidence must be viewed in the light "most favorable to the non-moving party."  <u>F.D.I.C. v. Bell</u>, 106 F.3d 258, 263 (8th Cir. 1997)<i>; see also</i> <u>Bailey v. United States Postal Service</u>, 208 F.3d 652, 654 (8th Cir. 2000).

Where a movant makes and properly supports a motion for summary judgment, the opposing party may not rest upon the allegations or denials of its pleadings; rather, the non-movant must "set forth specific facts showing that there is a genuine issue for trial." <u>Liberty Lobby</u>, 477 U.S. at 256.  The non-moving party must "make a sufficient showing on every essential element of its case for which it has the burden of proof at trial." <u>Wilson v. Southwestern Bell Tel. Co.</u>, 55 F.3d 399, 405 (8th Cir. 1995).

4.  For the purpose of considering the motion for summary judgment and based upon the pleadings submitted by the parties, the Court believes the following material undisputed facts appear:

*    The McHughes defendants responded to plaintiffs' request for verification dated June 3, 2008 on June 16, 2008 by mailing the verification of the debt to the plaintiffs' address of 75 Davis Circle, Bella Vista, Arkansas.

*    Cavalry sent letters to the plaintiffs concerning the

-3-

debt on January 15, 2008 and February 22, 2008.  Although the plaintiffs never requested verification from Cavalry, the McHughes defendants, as counsel for Cavalry, mailed verification of the debt on June 16, 2008.

* The verification mailed on June 16, 2008 was properly addressed to the plaintiffs.

5. The instant defendants argue that summary judgment should be granted with respect to the claims against them because they *did* respond to the plaintiffs' request for verification of the debt at issue.  The defendants also argue that summary judgment should be granted because the claims were initiated outside the appropriate statute of limitations.

6. The plaintiffs' claims against the McHughes defendants and Cavalry are brought pursuant 15 U.S.C. § 1692g(b) – which is part of the Fair Debt Collection Practices Act (hereinafter "FDCPA").  The FDCPA provides a remedy for consumers who have been subjected to unfair debt collection practices.  Specifically, 15 U.S.C. § 1692g states that:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. . . .

15 U.S.C. § 1692g(b).

It is undisputed that on or about June 3, 2008 plaintiffs sent "a certified dispute letter" to the McHughes Law Firm, LLC. However it is also undisputed that on June 16, 2008, the McHughes defendants and Cavalry replied to plaintiffs' dispute by mailing sufficient verification pursuant to 15 U.S.C. § 1692g(b). Although the plaintiffs claim to have never received the verification, "[u]nder the common law Mailbox Rule, 'proper and timely mailing of a document raises a rebuttable presumption that it is received by the addressee.'" Mahon v. Credit Bureau of Placer County Inc., 171 F.3d 1197, 1202 (9th Cir. 1999)(applying the "Mailbox Rule" in the context of § 1692g(b)). The plaintiffs have presented no evidence which rebuts that presumption.

7.   Viewing the evidence in the light most favorable to the plaintiffs, the undisputed facts show that no reasonable jury could return a verdict for the plaintiffs. Therefore, the instant motion should be **granted** and the plaintiffs complaint as asserted against the McHughes defendants and Cavalry should be **dismissed.**[1]

**IT IS THEREFORE ORDERED** that **Defendants' Motion for Summary**

---

[1] The plaintiffs appear to include newly raised claims in both their responses to the motions for summary judgment and their motions for summary judgment. Neither plaintiffs' asserted statute of limitations defense - which only arguably applies to a related case and not the instant one - nor the newly asserted claims are proper for consideration in the instant motions for summary judgment. *See* Rodgers v. City of Des Moines, 435 F.3d 904, 910 (8th Cir. 2006). *See also* Northern States Power Co. v. Federal Transit Admin., 358 F.3d 1050, 1057 ("[W]hile we recognize that the pleading requirements under the Federal Rules are relatively permissive, they do not entitled parties to manufacture claims, which were not pled, late into the litigation for the purpose of avoiding summary judgment.").

**Judgment with Brief in Support Thereof** (document #58) is **granted.**

   **IT IS FURTHER ORDERED** that plaintiffs' complaint as stated against **Josh E. McHughes, Becky A. McHughes, The McHughes Law Firm, LLC, and Cavalry Portfolio Services, LLC** is **dismissed.**

   **IT IS SO ORDERED.**

                              /s/ Jimm Larry Hendren
                              JIMM LARRY HENDREN
                              UNITED STATES DISTRICT JUDGE