```
              IN THE UNITED STATES DISTRICT COURT
                  WESTERN DISTRICT OF ARKANSAS
                      FAYETTEVILLE DIVISION
```

DONALD E. WHITE and
AUSTA M. WHITE                                              PLAINTIFFS

        v.                Civil No. 10-5032

JOSH McHUGHES, ET AL.                                       DEFENDANTS

### ORDER

NOW on this 12th day of October, 2011, the above referenced matter comes on for this Court's consideration of **Ally Financial's Motion for Summary Judgment** (document #58), filed by separate defendant Ally Financial Inc. f/k/a GMAC Inc. D/b/a GMAC Financial Services (hereinafter "Ally").  The Court, being well and sufficiently advised, finds and orders as follows:

    1.   The plaintiffs commenced this action on February 16, 2010.  Plaintiffs' third amended complaint (document #52) was filed on March 4, 2011 and asserts the following claims:

    *   Count 1 asserts a claim under 15 U.S.C. § 1692g against Josh McHughes, Becky McHughes, and the McHughes Law Firm LLC (hereinafter the "McHughes defendants").  Plaintiffs claim the McHughes defendants violated 15 U.S.C. § 1692g by failing to respond to plaintiffs' dispute letter which plaintiffs mailed on June 3, 2008.

    *   Count 2 asserts a claim under 15 U.S.C. § 1692g against Cavalry Portfolio Services, LLC (hereinafter "Cavalry").

    *   Count 3 asserts a claim under 15 U.S.C. § 1681n against

Ally Financial Services f/k/a GMAC Inc. d/b/a GMAC Financial Services (hereinafter "Ally").  Plaintiffs claim Ally violated 15 U.S.C. § 1681n by failing to validate the alleged Ally debt after plaintiffs requested such validation on February 24, 2006.

\*   Count 4 asserts a claim under 15 U.S.C. § 1681o against Ally.  Plaintiffs claim Ally violated 15 U.S.C. § 1681o by failing to validate the alleged debt after plaintiffs requested such validation on March 30, 2004.

2.   The instant motion for summary judgment asserts that Ally is entitled to summary judgment with respect to all claims against it.  The plaintiffs have responded and the motion is now ripe for consideration.

3.   The standard to be applied to a motion for summary judgment is set forth in Rule 56 of the Federal Rules of Civil Procedure and provides for the entry of summary judgment on a claim

> if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

F.R.Civ.P. 56(c); *see also* Carroll v. Pfeffer, 262 F.3d 847 (8th Cir. 2001); Barge v. Anheuser-Busch, Inc., 87 F.3d 256 (8th Cir. 1996).  Summary judgment is to be granted only where the evidence is such that no reasonable jury could return a verdict for the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242,

250 (1986). Accordingly, all evidence must be viewed in the light "most favorable to the non-moving party." <u>F.D.I.C. v. Bell</u>, 106 F.3d 258, 263 (8th Cir. 1997); *see also* <u>Bailey v. United States Postal Service</u>, 208 F.3d 652, 654 (8th Cir. 2000).

    Where a movant makes and properly supports a motion for summary judgment, the opposing party may not rest upon the allegations or denials of its pleadings; rather, the non-movant must "set forth specific facts showing that there is a genuine issue for trial." <u>Liberty Lobby</u>, 477 U.S. at 256. The non-moving party must "make a sufficient showing on every essential element of its case for which it has the burden of proof at trial." <u>Wilson v. Southwestern Bell Tel. Co.</u>, 55 F.3d 399, 405 (8th Cir. 1995).

    4.   For the purpose of considering the motion for summary judgment and based upon the pleadings submitted by the parties, the Court believes the following material undisputed facts appear:

    *   Ally is not a "Consumer Reporting Agency" under 15 U.S.C. § 1681 et seq.

    *   From early 2006 to present, Ally has no record or receiving a notice of dispute from any consumer credit agency relating to plaintiffs accounts.

    5.   Ally argues that summary judgment should be granted with respect to plaintiffs' claims under the FCRA because there is no proof that Ally received a notice of consumer dispute from a

consumer reporting agency.  Ally also argues that summary judgment should be granted because there is no proof that Ally reported to any consumer reporting agency false or misleading information.

Under §§ 1681n and 1681o, the "FCRA provides for a private right of action if a creditor willingly, knowingly, or recklessly violated its provisions." Poehl v. Countrywide Home Loans, Inc., 528 F.3d 1093 (8th Cir. 2008).  It is undisputed that Ally does not qualify as a credit reporting agency – but instead, for purposes of the FCRA, is a "furnisher of credit information."

"15 U.S.C. § 1681s-2(b) requires furnishers of credit information to verify the sufficiency and accuracy of the furnished information." McKinzie v. Regions Bank, 2008 WL 899254 (W.D. Ark. 2008).  However, a furnisher's obligation under this section is only triggered after a consumer reporting agency notifies the furnisher of a dispute regarding the information. Anderson v. EMC Mortg. Corp., 2011 WL 409095 (8th Cir. February 9, 2011).

Here, although the plaintiffs argue that *they* contacted Ally concerning the accuracy of their credit information, there is simply *no* evidence that a consumer reporting agency notified Ally of a dispute, triggering its obligations under 15 U.S.C. § 1681s-2(b).

6.    Viewing the evidence in the light most favorable to the plaintiffs, the undisputed facts show that no reasonable jury

could return a verdict for the plaintiffs.  Therefore, the instant motion should be **granted** and the plaintiffs complaint as asserted against the Ally should be **dismissed.**[1]

**IT IS THEREFORE ORDERED** that **Ally Financial's Motion for Summary Judgment** (document #74) is **granted.**

**IT IS FURTHER ORDERED** that plaintiffs' complaint as stated against Ally Financial Inc. f/k/a GMAC Inc. d/b/a GMAC Financial Services is **dismissed.**          **IT IS SO ORDERED.**

>  /s/ Jimm Larry Hendren
>  JIMM LARRY HENDREN
>  UNITED STATES DISTRICT JUDGE

---

[1] The plaintiffs appear to include newly raised claims in both their responses to the motions for summary judgment and their motions for summary judgment. Newly asserted claims are not proper for consideration in a motion for summary judgment or a response thereto. *See* Rodgers v. City of Des Moines, 435 F.3d 904, 910 (8th Cir. 2006). *See also* Northern States Power Co. v. Federal Transit Admin., 358 F.3d 1050, 1057 ("[W]hile we recognize that the pleading requirements under the Federal Rules are relatively permissive, they do not entitled parties to manufacture claims, which were not pled, late into the litigation for the purpose of avoiding summary judgment.").

-5-